Freeman, J.,
delivered tbe opinion of tbe court.
Johnson sold Biggs a tract of land, executing a memorandum of tbe contract, in which the only description of *624 the land was, “his tract of land in District No. 7, one mile south of Trenton.” This contract was held by this court inoperative under the statute of frauds.
Before the suit was brought in which the contract was held inoperative, Biggs had brought this suit for the value of a large amount of lumber paid and delivered to Johnson as part consideration for the land under the agreement for sale. The suit was brought against John P. Johnson and Ellis & Johnson (to whom John P. Johnson had sold the lumber), who had sold part of it, and were in possession of the balance.
The court below charged, in substance, that before the plaintiff could recover the consideration paid under the contract, he must have either restored Johnson, the vendor, to possession of the land, put him in statu quo, as before the trade, or made a bona fide tender of such possession.
The correctness of this proposition of law is the legal question to be disposed of. On the one hand it is contended by the plaintiff Biggs that the contract is absolutely void, that no legal rights can be predicated of it, and therefore either party may disaffirm what has been done. The one sues for the consideration paid, the other to recover the possession of the land occupied by the vendee under the agreement of the parties.
Without going into an analysis of the various cases in our books on the question of whether parol contracts, or contracts not complying with the statute of frauds are void, or voidable, we deem it sufficient to say that it is well settled by a large mass of decisions that such contracts have no legal force or obligation binding on either party. That is, neither the vendor nor vendee can bring any action by which such agreement can be enforced, either directly or indirectly. It follows that such a contract is void in law if executory, as an obligation to convey the land sold; if executed, it 'would fail to convey the land. This element of failure of binding obligation would apply equally to *625 both parties. Its want of obligation does not depend on any wrong done either by the one or the other, but is equally the result of the failure of both parties to comply with the requirements of the law in order to make a binding contract between them. It follows that the dictum of Judge McKinney in Sneed v. Bradley, 4 Sneed, 305, quoted in Hilton v. Duncan and Wife, 3 Cold., 320, that “while the vendor is able and willing-and ready to perform the parol agreement, the purchaser can maintain no action to recover back the consideration money paid,” is not law. This would be to make the contract binding on the parr of the vendee at his option, and only inoperative when he was unable or unwilling to perform his agreement. The statute makes the agreement depend on compliance with its terms, and not on the will of either party. If these requirements are not complied with, neither the one party nor the other, nor both of them, can make this a binding contract. They may go on in pursuance of the agreement and execute a binding contract, which shall comply with the requirements of the statute, but then it ceases to be a parol or a defective contract under the statute, and is made valid alone by compliance with the law. To hold, as this remark of Judge McKinney’s implies, that the agreement can only be rescinded by mutual assent of the parties, or assent of one of them, is to put it on as high ground as a contract executed in compliance with the statute, as all contracts may be rescinded, however solemnly executed, if both parties agree so to do. We think the sound statement of the law is, that a contract not executed according to the requirements of the statute, as this one, is as a contract for sale of land, void in law, having no element of legal obligation enforceable against either party. This being so, the question is, what are" the rights and duties of the parties as 1o the possession of the land, when the vendee has been placed in possession by the vendor, *626 and as to the purchase money or property paid under the agreement as consideration for the land?
It was said by this court in the case of Redmond v. Bowles, 5 Sneed, 553, that “either party may disregard the informal contract as soon as made, and the one sue for any money that may have been paid, and the other for the land. It was held by this court in Sullivan v. Ivey, 2 Sneed, 489; Beard v. Bricker, 2 Swan, 50, that these rights accrue upon an abandonment and repudiation of the contract by either party, and notice of such abandonment and repudiation given to the other party. This, we think, is as far as any of our cases fairly considered go. The prim ciple on which the: requirement of notice of abandonment, of the contract goes is, that the parties are in possession rightfully and by the assent of the other, the one of the land, the other of the consideration; -neither ought, therefore, to be subject to a suit as holding wrongfully, until the agreement is abandoned or repudiated, and notice had of the fact. When notified of the fact of abandonment of the invalid contract, each party, knowing it has no binding force in. law, is bound then to restore the property received under it to the other, and if he fails, is liable to a proper action to enforce this liability. This follows from the cases cited, 2 Swan and 2 Sneed, where it is held that the agreement may be abandoned by either party, and after notice of the fact the vendee in possession becomes a wrongdoer, his holding is unlawful, and he may be turned out of possession by an action of unlawful detainer by the vendor. We have no case in a court of law that makes a tender of the land back or restoration of the possession, a condition precedent to recovery of the money or property paid under an invalid contract; but a number where such recovery has been had without such tender. In Hurst v. Means, 2 Swan, 599, Judge Totten says: “No right or duty can be predicated upon a void contract; it is the same as if it had not been made. Therefore, if a party enter upon land and *627 pay money under a. parol contract for its purchase, he may recover it back by action for money had and received for his use, without restoring the possession or doing other acts to rescind the contract.” With the qualification we have given, that notice of abandonment must be given to the other party, we think the above rule is the only one sustained by a preponderant weight of authority. The case cited by Judge Totten from 6 Blackf. B., 22, abundantly sustains this view, citing numerous authorities in its support. Our own impression at first statement of this case was, that the party who repudiated the contract should restore what he had received under it, before he could sue the other party. But upon examination of the authorities, we do not find them sustaining this view. On reflection we see grave difficulties in such a rule. If the vendee is to restore the land, he would still be liable to pay for its use and occupation, and this could not be tendered so as to put the party in statu quo, or do complete justice, because of uncertainty as to amount. If the vendor has received property as in this case and sold it, or it had been destroyed or died, he cannot restore the property. Miist he be held to an invalid contract because of this difficulty? We think the substantial ends of practical justice will bo attained by giving the vendor his right to sue for his land, and the vendee the right to recover his purchase money upon notice of abandonment of the invalid agreement made by the parties.
It is proper to say, that in all cases of this kind the better practice is to file a bill in the chancery court, disaffirming the contract, where all parties being before the court the possession of the land can be restored and account had of the purchase money, with an adjustment of the rents, thus doing complete justice in the case and avoiding the necessity of several suits for this purpose.
In addition to the above ground of error, we would be compelled to reverse this case on the facts, even though *628 the cbai’ge was unobjectionable. Biggs swears definitely that, lie did tender the land back before bringing this suit. Defendants are all examined after having their attention called to his statement, and as far as we can see they nowhere contradict him; on the contrary, Ellis corroborates his statement by saying he believes he heard Biggs say something about taking the land back, and Johnson says he spoke of rescinding the contract. While a jury are judges of conflicting testimony, they cannot arbitrarily reject testimony uncontradicted, of a witness unimpeached by any of the modes known to the law.
As this case must go back for another trial, it may save future trouble to say that on the assumption that the title of the lumber had passed to Johnson — that is, that the delivery was complete, and the amount so delivered only to be ascertained — then Johnson and Ellis & Johnson, the purchasers, could not be held liable to Biggs. In a case where the contract was vitiated by fraud this court say: “If the vendor delivers goods with the intention that the property as well as the possession shall pass, a bona fide purchaser from his fraudulent vendee will hold the goods."’ Arendale v. Morgan, o Sneed, 713. We think this rale would apply with equal, if not more, force to a case like the present.
Beverse the case and remand for another trial.